ON MOTION TO STRIKE ANSWER BRIEF

PER CURIAM.
State Farm Florida Insurance Company moved to strike the answer brief filed by Vifrancis Lopez, alleging that the brief was filed ten days beyond the time limit mandated by the Florida Rules of Appellate Procedure. Determining that the answer brief was timely served, we deny the motion to strike. We write, however, to address the unnecessary burden placed upon both Lopez and this court by counsel for State Farm’s unprofessionalism in filing a meritless motion and, more significantly, in failing to withdraw such motion when its lack of merit was made clear.
Pursuant to rule 9.210(f), Lopez’s answer brief was due to be served within twenty days after State Farm served its initial brief. Rule 9.420(e) provides that five days shall be added to the prescribed time if service of the initial brief is made by mail. Also, rule 9.420(f) provides that, if a deadline falls.on a Saturday or Sunday, the deadline is extended to the next work day. Applying these rules, the answer brief was timely served.
Nevertheless, counsel for State Farm filed a motion to strike Lopez’s answer brief. Lopez filed a response, detailing each of the rules referenced above and clearly establishing that her brief was timely served. Even then, State Farm’s counsel did not withdraw her motion to strike. As a result, this court was required to expend time and effort addressing it. A staff attorney of the court was required to review the motion and prepare a summary and recommendation for a panel of the court. Then, the panel was required to spend time reviewing and ruling upon the motion, and then preparing an order denying the motion.
Attorneys handling appeals in our court have a professional responsibility to have a working knowledge of the Rules of Appellate Procedure and to act in a way that does not force the opposing party or the court to expend time and effort on baseless matters. In addition to not filing a merit-less motion, an attorney also has a professional responsibility to withdraw a motion when its lack of merit is made clear.
MOTION DENIED.
PALMER and JACOBUS, JJ., and MONACO, D.A., Senior Judge, concur.